OPINION
On May 27, 1997, appellant Jason Ellis was arrested for various traffic violations, including Driving Under Suspension. On June 5, 1997, he was indicted for Driving Under the Influence, as a fourth degree felony.
On September 18, 1997, appellant changed his plea of not guilty to a plea of no contest. The court held an oral hearing on the change of plea. The court questioned appellant pursuant to Crim.R. 11(C) concerning his knowledge of the rights he was giving up, his potential sentence, and other factors concerning the entry of the plea. The prosecutor then related the factual basis for the charges. Following the prosecutor's recitation of the facts, the court asked appellant whether he agreed with the facts as related by the prosecutor. His attorney related that appellant did not dispute the facts as presented, but disputed whether his elevated blood alcohol level was the result of drinking alcohol. Appellant's attorney stated that appellant maintained that he was not intoxicated on the date in question, but after extensive investigation, he was unable to come up with an explanation for the blood alcohol level, which would rise to a level of a defense in this case. Appellant then gave a lengthy statement disputing the allegation that he was intoxicated.
The court accepted the plea of no contest, and convicted appellant upon the recitation of facts as given by the prosecutor. He was sentenced to 365 days incarceration on the charge of Driving Under the Influence, fined $5,000, and his driver's license was suspended for ten years. On the charge of Driving Under Suspension, he was sentenced to 60 days incarceration, and his license was suspended for three years. The sentences were to run concurrently.
Appellant assigns a single error:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN ACCEPTING THE PLEA OF NO CONTEST BY THE DEFENDANT-APPELLANT.
Appellant argues that the court erred in accepting his plea of no contest, as he disagreed with the facts as recited by the prosecutor. Further, appellant argues that the court failed to properly advise him that by pleading no contest, he was stipulating to the facts as alleged in the indictment.
The court did not err in accepting the no contest plea. Appellant concedes that as to the conviction for Driving Under Suspension, a misdemeanor offense, the court could find appellant guilty from the explanation of circumstances, despite his disagreement with that explanation. R.C. 2937.07. However, he argues that as to the felony charge of Driving Under the Influence, the court could not find him guilty when he disagreed with the recitation of facts. He cites no authority in support of this proposition.
It is apparent from the record that appellant did not dispute the evidence concerning his blood alcohol content; rather, he claimed that in spite of this, he was not intoxicated. Therefore, appellant admitted the facts, but did not admit guilt, which is the precise nature of a plea of no contest pursuant to Crim.R. 11(B).
Further, after his lengthy statement concerning his disagreement with the conclusion that he was intoxicated, appellant again expressed his desire to the court to enter the plea of no contest. He indicated that he had discussed the plea, all possible defenses, the facts of the case, and the nature of the charges fully with his attorney, and was satisfied with the representation of his attorney. He further indicated that he understood that no one could make him plead no contest, and that he was changing his plea freely and voluntarily, with knowledge of his rights. Tr. 15.
Appellant claims that the court failed to explain to him that a plea of no contest was an admission of the facts as charged in the indictment. The change of plea form, signed by appellant and his attorney, clearly stated that by pleading no contest, appellant admitted the facts of the offense. Appellant stated on the record in court that he had read the no contest plea form, had no questions about the form, had reviewed the form with his attorney, and understood the form. Tr. 4. He further indicated that he signed the form freely and voluntarily. Tr. 4-5. The court did not err in accepting the plea, as the record demonstrates that it was freely, voluntarily, and knowingly entered.
The Assignment of Error is overruled.
The judgment of the Licking County Common Pleas Court is affirmed.
By: Reader, J., Hoffman, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the Judgment of the Licking County Common Pleas Court is affirmed. Costs to appellant.